IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 29, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

Marcus T. Williams,                          )
                                             )
                Plaintiff,                   )
                                             )
v.                                           )        Civil Action No. 7:26-cv-00107
                                             )
Leah Holbrook, NP *et al.*,                  )
                                             )
                Defendants.                  )

### MEMORANDUM OPINION AND ORDER

Plaintiff Marcus T. Williams., a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Williams asserts that he is suffering from wires/devices that were implanted into his body by his mother during a secret surgery that took place prior to his incarceration. (Dkts. 1 at 4–5; 1-1 at 54–55.) He claims the implants cause him pain and a host of physical and mental symptoms. (Dkt. 1 at 4–14.) He faults Defendants for failing to investigate and treat his complaints and asserts that their referrals for mental health services[1] rather than for medical treatment and removal of the implanted devices constitutes deliberate indifference to his serious medical needs. (*Id.*) Defendants moved to dismiss this action. (Dkts. 21, 27.) Williams has filed a variety of motions that remain pending, (Dkts. 3, 4, 30, 31, and 43), including a third request[2] for an extension of time to respond to the pending motions to dismiss, (Dkt. 43).

---

[1] The court notes that Williams was recently transferred to a facility specializing in providing mental health services to inmates. (Dkt. 42.)

[2] The court granted Williams' first and second requests for extensions. (Dkts. 26, 36.)

The court granted Williams *in forma pauperis* status, (Dkt. 10), and now finds it appropriate to dismiss this action under its screening authority despite Williams' apparently sincere belief in the veracity of his factual allegations.

## I.    Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is considered factually "frivolous" if it describes "fantastic or delusional scenarios." *Id.* at 328. While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.    Analysis

Here, Williams' complaint contains similar factual allegations to many cases in which other federal courts found the alleged claims to be frivolous. *See, e.g.*, *Williams v. White*, No. 7:24-cv-00239, 2024 WL 3930509, at *1–2 (W.D. Va. Aug. 22, 2024) (dismissing under the court's screening authority an inmate's claim that prison staff implanted a device or chemical agent that caused him to hear recordings of other people); *Manzo-Hernandez v. Clarke*, No. 7:23-cv-00414, 2023 WL 8039806, at *1 (W.D. Va. Nov. 20, 2023) (dismissing as frivolous complaint that "describes a conspiracy involving satellites, x-ray view cameras, ultraviolet light,

and electromagnetic mind-reading radiation waves"); *Ghouralal v. Rambo*, No. 2:20-cv-02875, 2020 WL 6749348, at \*2 (D.S.C. Aug. 25, 2020) (recommending dismissal of complaint alleging government perpetuation of a high-tech mind-control plot in order to cover up illegal acts as frivolous and collecting citations of similar frivolous complaints); *Hecker v. CIA*, No. 21-cv-02701, 2022 WL 196281, at \*5 (E.D. Pa. Jan. 20, 2022) ("Federal courts routinely dismiss allegations that . . . governmental agencies or officials are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.") (collecting cases); *Robinson v. Unknown Named Special Agent*, No. 3:22-cv-00049, 2022 WL 2080870, at \*8–9 (N.D. W. Va. May 9, 2022) (recommending dismissal of claim alleging "microchip implant in [plaintiff's] head" as frivolous); *Scott v. FBI*, No. 4:21-cv-01057, 2021 WL 3578318, at \*2 (M.D. Pa. July 15, 2021) (finding "the plaintiff's allegations of a 'brain control interface,' operated remotely by federal agents to inflict severe pain on him from a great distance, to be fanciful, fantastic, delusional, irrational, and wholly incredible, and thus factually frivolous"); *Montgomery v. Comey*, 300 F. Supp. 3d 158, 168-69 (D.D.C. 2018) (finding allegations that government officials hacked the plaintiffs' personal cell phones and computers were patently insubstantial, warranting dismissal); *Maxey v. Brown*, No. 2:14-cv-02507, 2015 WL 925792, at \*3 (E.D. Cal. Feb. 24, 2015) (noting that the court need not accept as true plaintiff's allegation that satellite microchips were implanted into his infant brain or that the FBI and doctors have all conspired to torture him); *Navarrete v. Sheriff's Dep't*, No. CV 14-1179, 2014 WL 2611736, at \*1-2 (C.D. Cal. Apr. 24, 2014) (finding the plaintiff's complaint frivolous

when it alleged a "rambling, largely incomprehensible narrative describing the alleged electronic monitoring and torture of Plaintiff" caused by an implanted microchip in his shoulder); *Gary v. U.S. Gov't*, 540 F. App'x 916, 916-918 (11th Cir. 2013) (per curiam) (affirming dismissal of complaint as frivolous when facts asserted government agents implanted microchips causing injury and pain); *Spence v. CIA*, No. 5:07-cv-00138, 2007 WL 4963165, at *1 (E.D.N.C. Apr. 25, 2007) (holding complaint that alleged implantation of unwanted microchips by the CIA and corroboration with medical institutions was frivolous). Much like these cases, the court finds that Williams' allegations of implanted wires and devices to be implausible, incredible and thus frivolous.

### III.    Conclusion and Order

The court therefore **DISMISSES** the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B); *see also* § 1915A(b)(1) (providing for same bases for dismissal). Defendants' pending motions to dismiss, (Dkts. 21, 27), are therefore **DENIED as moot**. The court's determination that the complaint is factually frivolous establishes that Williams lacks a likelihood of success as needed to warrant the preliminary injunctive relief he requested. Accordingly, the court **DENIES** the relief requested by Williams in his motion for preliminary injunction, (Dkt. 4). Because this action will not continue, the court **DENIES** Williams' requests for the appointment of counsel, (Dkts. 3, 30, 43), and his request for a further extension of time to respond to the now moot motions to dismiss, (Dkt. 43). The court **DENIES** Williams' request for discovery, (Dkt. 31), because the discovery sought would not alter the court's conclusion about the viability of this action. Because this action will not

proceed, Defendants' motions for an extension of time to respond to discovery and for a stay

and protective order, (Dkts. 32, 33), are **DENIED as moot**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order

to Williams and to close this case.

**IT IS SO ORDERED.**

**ENTERED** this 29th day of July, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE